IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEMP EARL MITCHELL         :
                           :
      v.                   :     CIVIL NO. CCB-15-1017
                           :     Criminal No. CCB-12-0550
UNITED STATES OF AMERICA   :
                        ...o0o...

## MEMORANDUM

Federal prison inmate Kemp Earl Mitchell filed a timely motion to vacate under 28 U.S.C. § 2255 (Mot. to Vacate, ECF No. 50) following his guilty plea and sentencing for conspiracy to distribute 100 grams or more of heroin and subsequently filed a reply (Reply to Resp. to Mot. to Vacate, ECF No. 55) to the government's response in which he raised an additional claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The record has been reviewed and the motion will be denied for the reasons set forth below.

In Mitchell's initial motion, he claimed that counsel was ineffective and the court erred by failing to have him evaluated for his mental competency. As thoroughly explained in the government's response, however, defense counsel did obtain a neuropsychological evaluation of Mitchell, showing a low IQ score, which counsel used persuasively in mitigation, obtaining a below-guidelines sentence for Mitchell despite his criminal record. (Gov't Mem. in Opp'n to Mot. to Vacate, Ex. B at 43, ECF 52-2). Further, there was no indication from anything before the court that Mitchell lacked the ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. Indeed, the transcript of the guilty plea refutes any such claim. (Gov't Mem. in Opp'n to Mot. to Vacate, Ex. A, ECF 52-1).

Mitchell also argues that he was not advised that the quantity of narcotics involved (100 grams or more of heroin) was an element of the crime. That claim also is refuted by the transcript of the guilty plea proceedings, (*Id.* at 20–21), and by the plea agreement letter (Plea Agreement, ECF No. 22) which Mitchell signed.[1]

Finally, because Mitchell's career offender status was based on two prior qualifying drug offenses, (Gov't Mem. in Opp'n to Mot. to Vacate, Ex. B Sent'g Tr. at 3–4), he is not entitled to relief under *Johnson*.

Accordingly, his motion will be denied by separate Order which follows.

December 20, 2016                                    /S/
Date                                                 Catherine C. Blake
                                                     United States District Judge

---

[1] [1] Further, the Fourth Circuit found no error in the Rule 11 proceedings. *United States v. Mitchell*, 567 Fed. App'x 187 (4th Cir. 2014).